UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID C. HARDY,

    Plaintiff,

v.

DEPUTY SCHILLING, OFFICER BELLING,
OFFICER HIMMELSPACH, JR., OAKLAND
COUNTY, and WATERFORD TOWNSHIP,

    Defendants.
    _____/

Case No. 04-73397

Honorable Nancy G. Edmunds

**ORDER:**

**ACCEPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [36];**

**GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS SCHILLING AND OAKLAND COUNTY [27]; AND**

**GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS BELLING, HIMMELSPACH, AND WATERFORD TOWNSHIP [24]**

On February 9, 2006, Magistrate Judge Wallace Capel, Jr., issued a Report and Recommendation in which he found that a genuine issue of material fact exists as to whether Defendants Schilling, Belling, and Himmelspach violated Plaintiff's constitutional rights. The Magistrate therefore recommended denying these defendants' Motions for Summary Judgment. The Magistrate further recommended granting summary judgment on behalf of Oakland County and Waterford Township.

The Magistrate was correct as to Defendants Oakland County and Waterford Township. Therefore, this Court ACCEPTS AND ADOPTS the Magistrate's reasoning and

recommendation as to those Defendants. As to the individual defendants, however, the Magistrate erred.

For purposes of a summary judgment motion, the central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Federal Rule of Civil Procedure 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the Court must "construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Id.* The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

Plaintiff's Response to Defendants' Motions for Summary Judgment, upon which the Magistrate relies, alleges serious misconduct by Defendants Schilling, Belling, and Himmelspach, and raises serious questions of fact about whether these Defendants

violated Plaintiffs constitutional rights. But Plaintiff relies on no *evidence* in support of his allegations. He fails to produce a single deposition transcript, affidavit, or report shedding light on the alleged beating outside Summit Place Mall on July 1, 2002.[1]

The Court recognizes that Plaintiff is a pro se litigant without legal expertise. But Plaintiff must nevertheless present evidence in support of his bare allegations.

> When a motion for summary judgment is made and supported . . . , an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Because Plaintiff has provided the Court with no evidence to support his allegations of constitutional violations, and therefore has failed to show the existence of a genuine issue of material fact for trial, the Court hereby GRANTS the Motions for Summary Judgment on behalf of Defendants Schilling, Belling, and Himmelspach. Further, for the reasons stated in the Magistrate Judge's Report and Recommendation, the Court GRANTS the Motions for Summary Judgment on behalf of Defendants Oakland County and Waterford Township.

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: March 7, 2006

---

[1] Plaintiff attaches a number of exhibits to his Response to Plaintiffs' Motions for Summary Judgment, but none of these are pertinent to the material issues of this case. Plaintiffs' exhibits appear to relate to an alleged conspiracy against Plaintiff by the Oakland County Friend of the Court. (Br. of Def. at 7.)

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 7, 2006, by electronic and/or ordinary mail.

                                          s/Carol A. Hemeyer
                                        Case Manager